On January 18, 1996, Carol Hamilton O'Brien filed an action seeking a divorce from Kevin J. O'Brien. The parties had been married since September 3, 1983 and had parented three children, the oldest of whom was almost eleven years of age.
The early course of the litigation was extremely convoluted with heated accusations being hurled back and forth. Three of the judges from the Division of Domestic Relations of the Franklin County Court of Common Pleas recused themselves due to their knowledge of the parties, both of whom were and are practicing attorneys.
In January of 1997, the case proceeded to trial. In June of 1997, the trial judge issued a "judgment entry — decree of divorce," which addressed property division and the existence of grounds for a divorce. However, the judge did not make a final determination as to the allocation of parental rights and responsibilities. Because the parties had had serious confrontations subsequent to the trial testimony, the trial court ordered that a guardian ad litem previously appointed to represent the best interests of the children in civil protection order proceedings now be appointed to represent the interests of the children in the divorce case. As a result, the trial judge authorized the taking of further evidence on issues related to the well-being of the children.
Counsel for Ms. O'Brien filed a motion requesting relief from judgment. She asserted that the trial court had made errors in computing child support and in making orders in regard to a financial account.
Counsel for Mr. O'Brien also filed a motion for relief from judgment, attacking the child support determination and the award of certain rental property to Mr. O'Brien.
In August of 1997, counsel for Mr. O'Brien filed a motion seeking a reallocation of parental rights and responsibilities and a modification of child support.
In November of 1997, the trial court sustained two of the Civ.R. 60 motions in part, modifying the child support award and the allocation of certain financial accounts.
Several other motions were filed by the parties and by the guardian ad litem. For purposes of this appeal, the most significant motion was a motion filed by Ms. O'Brien asking that Mr. O'Brien be found in contempt for nine separate reasons.
On August 11, 1998, the parties journalized an agreed entry allocating parental rights and responsibilities. On the same date, the trial judge found Mr. O'Brien in contempt due to an arrearage in child support payments and due to his failure to refinance a piece of rental property. The trial court also ordered that Mr. O'Brien pay $1,000 in attorney's fees as a result of the contempt findings.
On September 10, 1998, Mr. O'Brien filed a notice of appeal. On this direct appeal, he has assigned three errors for our consideration:
 I. The trial court erred to the substantial prejudice of the defendant-appellant when it found that the termination date of the parties' marriage, for purposes of property division, was January 18, 1996, and not the date of the final decree, June 19, 1997.
 II. The trial court erred in grossly overvaluing the worth of appellant's stock in The Soldiery, Inc., and failed to take into account the tax consequences of the sale of the stock.
 III. The trial court erred in holding appellant in contempt and awarding attorney fees in the amount of one thousand dollars to appellee.
Addressing the third assignment of error first, Mr. O'Brien was clearly behind in his payment of child support when he was found in contempt. For this reason alone, the contempt finding was correct.
Given the extensive litigation centering around the payment of support and related issues, the award of $1,000 in attorney's fees was within the trial court's discretion.
Neither party seems to have completely clean hands on the issue of the refinancing of the rental property in South Carolina. However, the trial court was within its discretion to find that a refinancing of the property could have occurred as ordered. Thus, the trial court was within its discretion to find a contempt to have occurred on those grounds also.
The third assignment of error is overruled.
As to the second assignment of error, the trial judge accepted an expert's testimony as to the value for the stock in The Soldiery, Inc. The trial judge was again within her discretion. Although the testimony before the trial court would also have supported lesser value figures, the trial court did not err in assigning the value it assigned.
Subsequently, Mr. O'Brien sold the stock for a smaller value per share than that used by the trial court. This subsequent sale was a sale on terms over which Mr. O'Brien had at least some control. The subsequent sale does not make the trial court's original award an award outside the trial court's discretion. The tax loss now realized by Mr. O'Brien obviously now generates him a tax break which also serves as a partial offset to any loss he now suffers.
We note that the trial court's original distribution of marital property allocated almost $9,000 more net assets to Mr. O'Brien than to Ms. O'Brien. If Mr. O'Brien had had the $30 per share value assigned to the stock which corresponded to a stock sale which occurred shortly before trial, the value of the stock would have been approximately $7,300 less. The trial court's award still would have given him over fifty percent of the net assets, without considering the tax break he now receives based upon the trial court's $37 per share evaluation.
The second assignment of error is also overruled.
Finally, Mr. O'Brien asserts that the trial court erred in choosing the date of the filing of the divorce complaint as the termination date of the marriage for purposes of property division. We note that the parties had separate residences prior to the filing of the divorce complaint. The filing of the complaint followed Mr. O'Brien's arriving at the conclusion that his wife had engaged in activity which had led him to believe that a reconciliation was not possible. Shortly after the holiday season, the divorce was filed.
The trial court was within its discretion to choose the date for termination of the marriage that it chose. The parties had reached a mutual understanding that a divorce must occur prior to or as of the date Ms. O'Brien filed her divorce complaint. The parties themselves helped establish that fact through the trading of accusations in their respective affidavits filed in conjunction with the temporary orders hearing shortly after the divorce was filed.
In choosing the date of the filing of the divorce complaint as the appropriate date for termination of the marriage, the trial court was guided by our case of Pearson v. Pearson (May 20, 1997), Franklin App. No. 96APF08-1100, unreported (1997 Opinions 1874). The Pearson case had been decided the month previous to the decree of divorce in the present case and had placed special emphasis on such factors as the fact that the parties had separate residences, the parties utilized separate bank accounts, the parties were not financially intertwined and the parties were not attempting reconciliation. In the Pearson
case, this appellate court upheld the date of the filing of the divorce complaint against an allegation that the date of filing was error.
The trial court's choice for the date of the termination of the marriage for purposes of property division was consistent with the principles set forth in our opinion in Roger v. Rogers
(Sept. 2, 1997), Franklin App. Nos. 96APF10-1333 and 97APF01-67, unreported (1997 Opinions 3556). In the Rogers
case, we noted that the determination as to when to apply a valuation date other than the actual date of divorce is within the discretion of the trial court and cannot be disturbed on appeal absent an abuse of discretion. In Rogers, we also noted with favor the statement of the Ohio Supreme Court in Berish v.Berish (1982), 69 Ohio St.2d 318 at 320, that "[e]quity may occasionally require valuation as of the date of the de facto
termination of the marriage."
The first assignment of error is overruled.
All three assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and PETREE, J., concur.